UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TENA PULLIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08-CV-107-SNLJ |
| ) | |
| SOUTHERN REYNOLDS COUNTY ) | |
| R-II SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff has filed this employment discrimination action pursuant to Title VII, 42 U.S.C. §2000e *et seq.* and Missouri Human Rights Act, R.S.Mo § 213.010 *et seq*. This matter is before the Court on plaintiff's motion for partial summary judgment (#19), filed on July 1, 2009. Defendant's response (#22) was filed on July 20, 2009, and plaintiff's reply (#23) was filed on August 21, 2009. The matter is now ripe for disposition.

**I. Case Summary**

Plaintiff was employed as Maintenance Supervisor and school bus driver for the Southern Reynolds County R-2 School District from August 2003 to June 2007. Plaintiff alleges that on April 12, 2007, during a District Board of Education meeting, board member Harold Fox stated that he did not like having a woman in the Maintenance Supervisor position, and that a man deserved the job. The District Board of Education voted not to renew Plaintiff's employment contract that same night, a contract that would lapse on June 30, 2007. Plaintiff alleges further that she was replaced by a less qualified male.

Plaintiff filed a Charge of Discrimination with both the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights on October 3, 2007, each within

180 days of the date she was notified of her termination. The United States Department of Justice issued Plaintiff its Notice of Right to Sue on May 22, 2008 (Plaintiff's Exhibit 2), and the Missouri Commission on Human Rights issued its Notice of Right to Sue on April 14, 2008. (Plaintiff's Exhibit 3). Plaintiff's Complaint was filed on July 10, 2008, within the 90 day filing requirement provided by each respective Notice of Right to Sue. (Plaintiff's Document 1). In Count I, Plaintiff alleges sex discrimination in employment in violation of Title VII, 42 U.S.C. 2000e *et seq.*, and in Count II, plaintiff alleges sex discrimination in employment in violation of the Missouri Human Rights Act, R.S.Mo. § 213.010 *et seq.*

Defendant filed its Answer on September 4, 2008, and raised 16 affirmative defenses. Plaintiff filed this Motion for Partial Summary Judgment in order to dispose of four of those affirmative defenses, which include paragraphs 23, 24, 28, and 30 of the Defendant's Answer. Paragraphs 23 and 24 asserts that Plaintiff's Title VII claim and Human Rights Act claim are each barred by the statute of limitations because Plaintiff failed to file this action within 90 days of the Right to Sue letters that were issued by the respective authorities. Paragraph 28 asserts that because of "her conduct and actions during the course and scope of her employment ... Plaintiff is precluded from recovering damages." Paragraph 30 asserts that Plaintiff's claims are barred by the doctrines of waiver, release, laches, and/or collateral estoppel. Plaintiff argues that each of these affirmative defenses should be set aside by summary judgment because the defendant has not shown any evidence to support each defense.

**II. Summary Judgment Standard**

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th

Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

**III. Discussion**

As Plaintiff rightly points out in her reply, Defendant has not produced facts showing that she was untimely in filing both her Title VII claim and her Missouri Human Rights Act claim. In fact, Defendant admits that Plaintiff filed her Complaint within the 90 day requirement for each claim. (Defendant's Response to Plaintiff's Statement of Uncontroverted Facts, ¶¶ 8,12). Consequently, Defendant's affirmative defenses under paragraphs 23 and 24 are not well taken. Furthermore, Defendant has also produced no facts to support the affirmative defense that Plaintiff's claims are barred by the doctrines of waiver, release, laches, and/or collateral estoppel, as stated in Paragraph 30 of the Answer. We will grant summary judgment on these three affirmative defenses in Plaintiff's favor.

Plaintiff then argues that we should grant summary judgment as to Defendant's affirmative defense in paragraph 28 of the Answer. That paragraph states, "By virtue of her conduct and actions during the course and scope of her employment, which occurred prior to filing this Complaint, Plaintiff is precluded from recovering damages." In response to Plaintiff's Interrogatory 17, which prompted Defendant to state all the facts upon which the allegation of paragraph 28 is based, Defendant responded, "None; however, discovery has only just begun in this matter. Defendant will supplement as necessary." (*See* Plaintiff's Exhibit 5, ¶17). Thereafter, on July 6, 2009, on leave of court, defendant did in fact supplement its answer to Interrogatory 17. Nonetheless, Plaintiff argues that because Defendant made an admission that it had no facts to support its allegation, it is now disallowed from producing facts that would support its allegation. This Court disagrees. Defendant explicitly stated that it would "supplement as necessary" materials to support the factual basis of its allegation, and Defendant has now done so. The Court will, however, limit the defendant to the information that it disclosed in its supplemental answer to Interrogatory 17.

For all these reasons, partial summary judgment will be granted to Plaintiff as to Defendant's affirmative defenses delineated in paragraphs 23, 24, and 30, and denied as to paragraph 28 of the Answer.

Dated this  8th  day of October, 2009.

                                               /s/ Stephen N. Limbaugh, Jr.
                                               UNITED STATES DISTRICT JUDGE